

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00160-CR

MUTEKULWA GRACE MWENEBATU A.K.A. MUTEKULWA G. MWENEBATU

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1348578D

----------

## MEMORANDUM OPINION[1]

----------

In one point, appellant Mutekulwa Grace Mwenebatu a.k.a. Mutekulwa G. Mwenebatu appeals the trial court's judgment that reflects his conviction and fifteen-year sentence for robbery.[2]  He does not ask us to reverse his conviction

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 29.02(a) (West 2011).

or sentence. Instead, he argues only that the trial court's judgment incorrectly states that he entered a plea of true to one ground on which the State asked the trial court to revoke his community supervision and to adjudicate his guilt. He asks us to modify the judgment to show that he pleaded not true to that ground.

After a grand jury indicted Mwenebatu for committing robbery, he pleaded guilty, and the trial court deferred adjudication of his guilt and placed him on community supervision for seven years. Just over a year after Mwenebatu's placement on community supervision, the State filed a petition for the trial court to adjudicate his guilt. The State alleged that he had violated terms of his community supervision by committing a new offense, by failing to complete community service obligations, and by failing to verify that he had taken prescribed medications.

At a hearing on the State's petition, Mwenebatu pleaded not true to the allegation that he had committed a new offense, and he pleaded true to the other two allegations.[3] After receiving the parties' evidence and arguments, the trial court found all three allegations true. The parties then presented more evidence and arguments on Mwenebatu's punishment, and the trial court adjudicated his guilt and sentenced him to fifteen years' confinement. The trial court signed a judgment that reflected the court's adjudication of Mwenebatu's guilt and his

---

[3]Mwenebatu's pleas of true, standing alone, authorized the trial court to revoke his community supervision and to adjudicate his guilt. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015).

2

sentence. The judgment stated that he had pleaded "True" to the allegations in the State's petition.

Mwenebatu asks us to correct the trial court's judgment to show that he pleaded not true to the State's first allegation and true to the second and third allegations. We may reform a trial court's judgment to make the judgment "speak the truth." *Edwards v. State*, 497 S.W.3d 147, 164 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see also Simon v. State*, No. 02-11-00415-CR, 2013 WL 362783, at *1 n.2, *4 (Tex. App.—Fort Worth Jan. 31, 2013, no pet.) (mem. op., not designated for publication) (reforming a judgment to correctly reflect that an appellant had pleaded not true to an allegation in a petition to adjudicate). Accordingly, we sustain Mwenebatu's sole point, modify the trial court's judgment to reflect that he pleaded not true to the first allegation in the State's adjudication petition and true to the second and third allegations, and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 1, 2018

3